IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY McBRIDE, et al., | No. 2:14-cv-0776-JAM-CMK |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATION |
| FANNIE MAE, et al., | |
| Defendants. | |

Plaintiffs, proceeding pro se, bring this civil action. Pending before the court is plaintiffs' complaint (Doc. 1) and motion for injunctive relief (Doc. 8).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

1

must dismiss an action if the court determined that it lacks subject matter jurisdiction.  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I.  PLAINTIFF'S COMPLAINT

Plaintiffs, Danny and Pamela McBride, bring this action in an attempt to challenge the foreclosure of their home.  Plaintiffs state this action is for quiet title, conspiracy, breach of contract, racketeering, negligence, defamation, fraud, intentional distress, unjust enrichment, tortuous interference, reckless misconduct, unlawful eviction, and unlawful entry.  Plaintiffs allege that Pamela's parents owned a home in Paradise, California, which Pamela was the sole beneficiary of upon her parents' death.  Prior to their death, Pamela's parents entered into a reverse mortgage contract with defendant California Reverse Mortgage Company.  However, the loan documents were not signed or notarized, and her parents were never in possession of signed copies.  Upon Pamela's mother's death, plaintiffs contacted defendant Financial Freedom and requested a payoff demand.  Plaintiffs disputed the payoff amount, and they requested an accounting of the entire account.  This request was not complied with. The property was then foreclosed upon, and apparently sold through an auction which plaintiffs claim did not occur properly.

## II.  DISCUSSION

In order for this case to proceed, the court must have subject-matter jurisdiction. Federal courts are courts of limited jurisdiction.  This court only has jurisdiction to adjudicate those cases which involve either diversity of citizenship (citizens of different states) or a federal question (such as a constitutional claim).  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-81 (1994); 28 U.S.C. § 1330 *et seq*.  The burden of establishing federal

jurisdiction lies on the party asserting such jurisdiction.  See Kokkonen, 511 U.S. at 377; see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2004).

   Here, plaintiffs do not specify which theory they are proceeding on, federal question or diversity jurisdiction.  On the civil cover sheet, plaintiffs indicate that 28 U.S.C. § 1332 applies.   Diversity jurisdiction is only applicable where there is complete diversity, where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  However, in the complaint, plaintiffs acknowledge that they are California citizens and allege that several of the defendants are California citizens.  Thus, there is no complete diversity, and this action cannot proceed under § 1332.

   To the extent plaintiffs are attempting to proceed on federal question jurisdiction, general federal question jurisdiction under 28 U.S.C. § 1331 exists only "when the plaintiff sues under a federal statute that creates a right of action in federal court." Williams v. United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir. 2007).  "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determine that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 817 (1986) (quoting 28 U.S.C. § 1331).  In order for a violation of a federal statute to give rise to a private cause of action, the statute must create such a right, either explicitly or implicitly.  See Diaz v. Davis (In re Diqimarc Corp. Deriviative Litiq.), 549 F.2d 1223, 1229-30 (9th Cir. 2008).

   Here, plaintiffs raise two claims they state are federal claims: quiet title under 28 U.S.C. § 1402(d) and the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.  The remainder of the claims raised in the complaint appear to be based on state law.  Neither of plaintiffs' purportedly federal claims provide subject matter jurisdiction for this action.  28 U.S.C. § 1402(d) provides:

/ / /

> Any civil action under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States shall be brought in the district court of the district where the property is located or, if located in different districts, in any of such districts.

Section 1402 is only applicable where the United States is a party to the action. Here, the United States is not a party, so § 1402 is not applicable.

Similarly, courts within this Circuit have concluded a non-judicial foreclosure does not constitute "debt collection" under the FDCPA, and therefore does not apply to a non-judicial foreclosure of real property. See Diessher v. Mortg. Elec. Regs. Sys., Inc., 618 F.Supp.2d 1184, 1188 (D. Ariz. 2009) *aff'd* 2010 WL 2464899 (9th Cir. Jun. 17, 2010); Hale v. World Sav. Bank, 2012 WL 4675561, at 5-6 (E.D. Cal. Oct. 1, 2012).

Plaintiffs' complaint otherwise fails to state a claim. Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of a claim plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 464, 649 (9th Cir. 1984). Federal Rule of Civil Procedure 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." A plaintiff must allege with at least some degree of particularity overt facts which the defendant engaged in to support plaintiff's claim. See Jones, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Conley v. Gibson, 355 U.S. 41, 47 (1957), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual

///

1 | allegation in the complaint, it is hard to see how a claimant could
2 | satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds on which the claim rests.

3 Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556, n.3 (2007).

The complaint in this action fails to satisfy Rule 8. The complaint lacks factual allegations setting forth defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend. Overall, the complaint lacks cognizable claims or legal theories upon which to support defendants' liability and rests on over broad conclusions that defendants are prohibited from foreclosing on the property. The complaint makes passing conclusions without supporting facts as to, *inter alia*, fraud, misrepresentations, racketeering, unjust enrichment, breach of contract, and unlawful eviction.

The complaint lumps defendants together and fails to distinguish adequately claims and alleged wrongs among defendants. A plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy Rule 8(a)(2). See Gauvin v. Trombatore, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988). The complaint lacks specific, clearly defined factual allegations of each defendant's alleged wrongs to give fair notice of claims plainly and succinctly to warrant dismissal of this action.

Addressing the possible federal claims the court is able to decipher, the complaint is simply inadequate to state a claim. Within the plaintiffs' second claim, which includes the FDCPA claim, they also mention racketeering. The undersigned assumes they are attempting to state a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. However, this claim is not articulated in the complaint. To state a claim under RICO, a plaintiff must allege the existence of a RICO enterprise, the existence of a pattern of racketeering activity, a nexus between the defendant and either the pattern of racketeering activity or the RICO enterprise, and a resulting injury to the plaintiff. See Occupational-Urgent Care Health Sys., Inc. v. Sutro & Co., 711 F. Supp. 1016, 1021 (E.D. Cal. 1989). To allege a pattern of racketeering activity, a plaintiff must allege two or more predicate acts. See Sun Sav.

& Loan Ass'n v. Dierdorff, 825 F.2d 187, 193 (9th Cir. 1987).  When the alleged racketeering activity sounds in fraud, the complaint must "state with particularity the circumstances constituting fraud or mistake." In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Prac. Lit., 601 F. Supp. 2d 1201, 1215 (S.D. Cal. 2009) (quoting Fed. R. Civ. P. 9(b)) (internal quotation mark omitted).  Here, plaintiffs fail to articulate any such activity, against any of the defendants.

The only other potential federal claim raised in the complaint is plaintiffs' claim for fraud.  It appears plaintiffs are attempting to raise a state law claim for fraud.  However, as no other federal claim is present, this action can only survive if it is a federal claim for fraud.  Regardless, the claim is not sufficiently plead for the court to find it sufficient to state such a claim, either federal or state.  There are no actual allegations as to how any of the defendants perpetuated fraud on the plaintiff.

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Lazar v. Superior Court, 49 Cal. Rptr. 2d 377, 380-81 (Cal. 1996).  In addition, Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity."  This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991). Thus, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).

Rule 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading

6

is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing Gottreich v. San Francisco Inv. Corp., 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . . In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

In Re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in* Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297 (C.D. Cal. 1996); see Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged).

      Here, although plaintiffs state the defendants have committed fraud, they fail to allege any facts showing how such fraud was committed, much less meet the heightened pleading standard of Rule 9.  It is difficult for the undersigned to determine where the allegation of fraud could have arisen based on the limited facts the plaintiffs have plead.  The only factual allegations relating to fraud in the complaint appears to be that Financial Freedom breached the terms of the Deed of Trust by commencing foreclosure proceedings and substitution of trustee without proper service.  However, there are no facts alleged that any of the defendants nor any of the defendants' agents or representatives "intended to induce the plaintiff to act to his detriment

in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." Conrad v. Bank of America, 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996). The undersigned fails see a connection between the defendants pursing a non-judicial foreclosure, even if done with procedural errors as plaintiffs appear to allege, and an intentional misrepresentation the plaintiffs relied upon to their detriment. There is simply no indication that the defendants made any actual fraudulent misrepresentation.

Finally, to the extent plaintiffs are attempting to challenge the foreclosure of the property, they fail to allege tender, or even ability to tender, the amount owing on the loan. "A tender is an offer of performance made with the intent to extinguish the obligation." Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code § 1485). A defaulted borrower is "required to allege tender of the amount of [the lender's secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Savings Bank, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." Sipe v. McKenna, 88 Cal.App.2d 1001, 1006, 200 P.2d 61 (1948). An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. See Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117, 92 Cal.Rptr.851 (1971). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." United States Cold Storage v. Great Western Savings & Loan Assn., 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr 232 (1985). "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649, 28 P.2d 673 (1934).

There is no allegation or even an indication in the complaint referencing a legitimate tender of indebtedness or a meaningful ability to do so. Plaintiffs' failure to indicate a legitimate tender of or ability to tender amounts outstanding is construed as their concession of inability to do so. Without plaintiffs' meaningful tender, they seek empty remedies not capable of being granted.

### III.  INJUNCTION

In the motion for preliminary injunction, plaintiffs reallege essentially the same facts as set forth above. Plaintiffs do not specify what relief is requested. It appears that they have been served with a notice to vacate, so the undersigned assumes the request would be to refrain the defendants from removing plaintiffs from the subject house and/or to stop the unlawful detainer action in state court.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

As discussed above, plaintiffs complaint fails to provide this court with subject matter jurisdiction over this case, and fails to state a claim sufficient to survive dismissal of this action. As plaintiffs' complaint fails to state a claim, plaintiffs fail to meet the Winter standard,

that a "clear showing" of success on the merits has been made.  See Winter, 129 S. Ct. at 375-76.  With dismissal of the complaint, plaintiffs are unable to show success on the merits.  In addition, based on the discussion above, without the ability to tender the outstanding amounts owned, plaintiffs fail to establish they are entitled to prevent property foreclosure.  Even if they were, "[e]conomic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award."  Cal. Pharmacists Ass'n v. Maxwell-Jolly, 563 F.2d 847, 852 (9th Cir. 2009).  Plaintiffs also fail to demonstrate the balance of equities merits injunctive relief or that public interest supports injunctive relief.  Rather, it appears that plaintiffs are simply attempting to extend their possession of the property without paying the outstanding amounts owed, and granting injunctive relief would be a disservice to public interest by allowing plaintiffs to preclude foreclosure after default without legitimate tender of outstanding amounts owned.

### III.  CONCLUSION

Plaintiffs' complaint fails to state a claim in which to provide this court with subjection matter jurisdiction over this action.  Neither 28 U.S.C. § 1402(d) nor 15 U.S.C. § 1692 apply to this action, and the complaint is otherwise insufficient to state any claims for relief.  In addition, as plaintiffs' complaint fails to survive screening, plaintiffs' motion for injunctive relief should be denied.

Based on the foregoing, the undersigned recommends that:

1. Plaintiffs' complaint be dismissed for failure to allege this court has subject matter jurisdiction over the claims raised and for failure to state a claim;

2. Plaintiffs' motion for preliminary injunction (Doc. 8) be denied; and

2. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 26, 2016

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE